IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 26, 2012 Session

**SANDI D. JACKSON v. MITCHELL B. LANPHERE**

**Appeal from the Chancery Court for Sumner County**
**No. 2010D184      John Thomas Gwin, Judge**

**No. M2011-02009-COA-R3-CV - Filed June 15, 2012**

In a previous appeal, this court vacated and remanded the trial court's order dismissing a petition for an order of protection based upon the trial court's failure to make findings of fact and conclusions of law as required by Tenn. R. Civ. P. 41.02. On remand, the trial court issued an order making the requisite findings of fact and conclusions of law and again dismissed the petition. On appeal, the petitioner argues that the trial court applied an incorrect standard of proof and thereby abused its discretion. We find no merit in this argument. Therefore, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS, J., and BEN H. CANTRELL, SP. J., joined.

Phillip Leon Davidson, Nashville, Tennessee, for the appellant, Sandi D. Jackson.

Debra L. Dishmon, Lebanon, Tennessee, for the appellee, Mitchell B. Lanphere.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

This case, at its genesis, is best described as a visitation dispute. Sandi D. Jackson filed a petition for orders of protection against Mitchell Lanphere in Sumner County Chancery Court on June 4, 2010. Ms. Jackson filed the petition on behalf of herself and the parties' minor child, Keely. Ms. Jackson's petition alleged that, on May 30, 2010, Mr. Lanphere sent threatening text messages and caused Ms. Jackson and the child to fear for their safety. This occurred after Mr. Lanphere allegedly failed to pick Keely up on May 29, 2010, for his court-ordered weekend parenting time.

A hearing was held on June 24, 2010, in the Chancery Court of Sumner County. Following Ms. Jackson's proof, including testimony from Ms. Jackson and officer Connie Cassidy from the Hendersonville Police Department, the court dismissed the petition for an order of protection. On July 6, 2010, the court entered its order and held that Ms. Jackson "failed to prove by a preponderance of the evidence the allegations contained in the Petition for Orders of Protection." Costs were taxed against Ms. Jackson.

An appeal initiated by Ms. Jackson followed, and on August 12, 2011, this Court concluded that the trial court erred in failing to make specific findings of fact and conclusions of law as required by Tenn. R. Civ. P. 41.02 and 52.01. We vacated the trial court's determination regarding the order of protection and remanded the matter for entry of findings of fact and conclusions of law. See *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978 (Tenn. Ct. App. April 18, 2011).

Upon remand, by order entered August 19, 2011, the trial court made the following findings of fact:

1.      Petitioner Sandi D. Jackson was not a credible witness.

2.      Petitioner Sandi D. Jackson was never in fear of any real or imaginary harm for herself, or for the parties' minor child, from any alleged act or omission by Mitchell B. Lanphere. Instead, she was "aggravated."

3.      Petitioner Sandi D. Jackson took out the Order of Protection in a last ditch attempt to thwart Respondent's court ordered visitation time with the minor child (*See*, M2010-01703-COA-R3-JV), and as retribution because "he got me harassed by the police."

[4.]      The investigating Hendersonville Police Department officer testified that Petitioner did not act or appear scared; the Petitioner misled the Officer in her statements made to the Officer on the scene during the investigation; that the Officer examined all of the text messages and responsive messages between the parties, and discerned no threats from the Respondent of any nature; and that Petitioner primarily appeared to be aggravated with the Officer. Petitioner told the Officer "I hope you sleep well." The Court accredits the Officer's testimony in full.

[5.]      Respondent neither committed nor threatened to commit any act which could, by any standard, be considered domestic violence or a threat to Petitioner or the minor child, or the basis for an Order of Protection.

[6.] By clear and convincing evidence, Petitioner knew that the allegations were false at the time she made them.

Based upon these findings, the trial court made the following conclusions of law:

1. Petitioner failed to prove by a preponderance of the evidence the allegations contained in the Petition for Orders of Protection.

2. Petitioner was never a "victim" of domestic abuse in the events which were the basis for her claim, as the distinction between a "petitioner" and a "victim" has been described by the Court of Appeals in this cause.

3. Accordingly, Petitioner's Order of Protection was, and is, dismissed, at her cost.

This appeal followed. Ms. Jackson now argues that the trial court judge erred "in applying an incorrect standard of proof, thereby abus[ing] his discretion as a matter of law."

STANDARD OF REVIEW

We review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

ANALYSIS

On appeal, Ms. Jackson argues that the trial court erred in the standard of proof it applied in dismissing the petition for orders of protection. Ms. Jackson bases this argument solely on the language in the trial court's order that "[b]y clear and convincing evidence, Petitioner knew that the allegations were false at the time she made them." Ms. Jackson interprets this language to mean that the trial court incorrectly applied the more demanding clear and convincing standard of proof instead of requiring Ms. Jackson to prove the allegations in the petition for orders of protection by a preponderance of the evidence. We cannot agree.

The trial court finding relied upon by Ms. Jackson relates solely to the assessment of costs under Tennessee Code Annotated § 36-3-617(a). It is not in reference to Ms. Jackson's allegations as they are set out in the petition for orders of protection.

Under Tennessee Code Annotated § 36-3-617(a), the court adjudicating a petition for an order of protection has some discretion as to which party shall pay court costs. If an order of protection is issued or extended, costs must be assessed against the respondent. Tenn. Code Ann. § 36-3-617(a)(1). However, if an order of protection is not issued or extended, costs may be assessed against the petitioner if the court determines by clear and convincing evidence that the petitioner is not a domestic abuse victim, and such determination is not based on one of the following: the petitioner's request for the dismissal of the petition, the petitioner's failure to attend the hearing, or the petitioner's failure to correctly fill out the petition. Tenn. Code Ann. § 36-3-617(a)(2)(A). The court must also determine by clear and convincing evidence that the petitioner knew the allegations of domestic abuse to be false at the time the petition was filed. Tenn. Code Ann. § 36-3-617(a)(2)(B).

Therefore, when the trial court stated that "[b]y clear and convincing evidence, Petitioner knew that the allegations were false at the time she made them," it was making a finding a fact related to Ms. Jackson's state of mind as is required under Tennessee Code Annotated § 36-3-617(a) for a determination on whether Ms. Jackson abused the process associated with petitioning for an order of protection. The trial court was not making a finding related to the strength of the allegations in the petition for orders of protection.

The trial court expressly stated in its order that "Petitioner failed to prove by a preponderance of the evidence the allegations contained in the Petition for Orders of Protection." The trial court applied the proper standard of proof in making its determination regarding Ms. Jackson's petition. Moreover, after reviewing the entire record, we find that the proof supports the trial court's decision to dismiss Ms. Jackson's petition for orders of protection. The trial court carefully considered the testimony and properly concluded that Ms. Jackson failed to prove by a preponderance of the evidence the allegations contained in the petition.

CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, Sandi D. Jackson, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE